## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**FRANCIS X. DECAMBRA,**

    *Petitioner*,

v.                                **Case No.: 4:19cv506-MW/MJF**

**MARK INCH,**

    *Respondent.*

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 18, and also has reviewed *de novo* Petitioner's counseled objections to the Report and Recommendation, ECF No. 23.[1] Petitioner objects to the denial of six of his seven claims (Grounds One through Five and Ground Seven).

I agree with the Magistrate Judge's determination that Petitioner failed to meet his high burden under 28 U.S.C. § 2254(d) to warrant habeas relief on any of his claims. Only one of Petitioner's objections warrants discussion—his assertion that the Magistrate Judge misunderstood the ineffective assistance of trial counsel claim raised in Ground Two.

---

[1] Petitioner has been represented by counsel throughout this proceeding.

Petitioner contends that the Magistrate Judge "clearly misunderstood," ECF No. 23 at 5, the claim presented in Ground Two. The Magistrate Judge's Report and Recommendation quoted Petitioner's ineffective assistance claim *verbatim from Petitioner's amended petition*, and accurately summarized it. The Magistrate Judge construed Petitioner's claim as challenging (1) counsel's alleged failure to object to evidence that the victims were deemed "disabled" by the State of Florida for purposes of receiving services from the Agency for Persons with Disabilities; and (2) counsel's alleged failure to object to the prosecutor's closing argument on the elements of disability and lack of ability to consent. ECF No. 18 at 33-38.

Petitioner's objection states that his amended petition did *not* take the position that counsel should have objected to testimony that the victims had been deemed disabled by the State of Florida. ECF No. 23 at 5. But that is precisely how he identified his claim in his petition, and that is precisely what he argued. ECF No. 3 at 13-15. Specifically, Petitioner complained that "*trial counsel did not file any pretrial motions to exclude*" testimony that "*the alleged victims had previously been evaluated by the State of Florida and had been deemed 'disabled,' so as to receive services through the Agency for Persons with Disabilities.*" ECF No. 3 at 14-15 (emphasis added). Petitioner also complained that counsel "*did not object to the testimony when it was presented at trial.*" *Id*. at 15 (emphasis added). To support his claim, Petitioner emphasized that "[b]eing disabled for state-provided services is not

2

the equivalent of being disabled under the criminal statute relating to the underlying charges and was, regardless, a matter for the jury to resolve." ECF No. 3 at 14. The Report and Recommendation addressed these arguments and correctly concluded that the state court reasonably rejected them. ECF No. 18 at 33-38.[2] Petitioner has not demonstrated that that conclusion is erroneous. I also note that in an attempt to show that the Magistrate Judge misconstrued his claim, Petitioner now concedes that trial counsel was *not* ineffective for failing to object to testimony that the victims were deemed disabled by the State of Florida for purposes of receiving Agency services. ECF No. 23 at 6, 7.[3]

I now turn to Petitioner's contention that the Magistrate Judge erred in failing to recognize that his petition also raised the issue "that the trial attorney was ineffective by agreeing with the State that if the State proved A.R. and W.M. were

---

[2] The failure to object to testimony of disability is precisely the claim Petitioner presented to the state postconviction court in his Rule 3.850 motion and at the state postconviction evidentiary hearing. ECF No. 13-1, Ex. J at 26-30 (Postconviction Mot.); Ex. J at 175-177 (Postconviction Counsel's Cross-Examination of Trial Counsel); Ex. J at 194-97 (Postconviction Counsel's Arg.); Ex. J at 53 (Order Denying Postconviction Relief).

[3] Petitioner's objections to the Report and Recommendation also go so far as to state that "it was uncontested that the [the victims] were indeed disabled." ECF No. 23 at 5; *see also id.* at 7 (stating that the element of whether the victims were "disabled" within the meaning of the criminal statute "was an uncontested element of the crime."). This is an about-face from Petitioner's argument in his amended petition, ECF No. 3 at 14-15, and it also is contrary to the trial transcript which demonstrates that that was a contested element, at least with regard to A.R. ECF No. 13-1, Exs. C-E (Trial Tr.), Ex. J at 175 (Postconviction Evidentiary Hr'g Tr.). I make note of Petitioner's about-face on this issue, and his present concession that he "does not disagree that they were disabled," ECF No. 23 at 7, because it further demonstrates that Petitioner is not entitled to habeas relief on his claim that trial counsel was ineffective for failing to exclude testimony and argument on the "disabled person" element of the offenses.

'disabled,' then the jury had to accept that **they were unable to consent to sexual intercourse as a matter of law**." ECF No. 23 at 5 (emphasis in original). Petitioner explains:

> The issue raised in Petitioner's habeas petition is that *after the testimony on disability was admitted*, trial counsel stood by and did nothing when the State advised the jury that the only evidence required to prove inability to consent was that the alleged victims suffered from disabilities.

*Id*. at 6 (emphasis added).

In his amended petition and supporting memorandum, Petitioner faulted trial counsel for "failing to object" to "the prosecution's arguments that the State of Florida's prior determination of being 'disabled' in a non-criminal context established that the alleged victims were 'disabled' in the criminal context as well." ECF No. 3 at 15. In his supporting memorandum, Petitioner claimed that counsel also failed to object when the prosecutor "falsely informed the jury that any adult with a disability was a disabled adult who lacked capacity to consent to sexual activity." ECF No. 6 at 21.

The Magistrate Judge's Report and Recommendation addressed trial counsel's alleged failure to object to the prosecutor's arguments. ECF No. 18 at 33, 36-38. The Magistrate Judge concluded that a fairminded jurist could agree with the state court's rejection of this aspect of Petitioner's claim, because the prosecutor did *not* mislead the jury or improperly urge the jury to find that W.M.'s and A.R.'s

4

classification as "disabled" for purposes of receiving Agency services satisfied the "disabled adult" and "lack of capacity to consent" elements of the criminal statutes. ECF No. 18 at 36-38. I have reviewed the prosecutor's closing argument and agree with the Magistrate Judge's conclusion. *See* ECF No. 13-1, Ex. E at 332-351 (Trial Tr.). Petitioner has failed to demonstrate that that conclusion is erroneous.

With regard to Petitioner's particular assertion in his objections—that trial counsel "agree[d] with the State that if the State proved A.R. and W.M. were 'disabled,' then the jury had to accept that they were unable to consent to sexual intercourse as a matter of law"—nothing could be further from the truth. In defense counsel's closing argument, he maintained that the "central issue" in the case was "whether or not [W.M.] and whether or not [A.R.] possessed the capacity to consent. That's the central issue in this case." ECF No. 13-1, Ex. E at 352-353. Defense counsel devoted the vast majority of his argument to this subject:

> The State elicited a lot of testimony with respect to [A.R.'s] been found to be disabled by the State of Florida. That isn't what the law requires under the statute. Okay. It doesn't require that it's a strict liability crime[—]If you find that he's disabled, therefore, automatically you find that he can consent.
>
> No. They're separate elements to this. That's not enough.

ECF No. 13-1, Ex. E at 354.

Defense counsel continued this refrain throughout the entirety of his closing argument. *Id*. at 354-364. Even earlier in the trial, when defense counsel moved for

a judgment of acquittal, he hammered the point time and again that the State failed to present sufficient evidence that either victim lacked the capacity to consent. ECF No. 13-1, Ex. D at 271-280. The trial transcript conclusively refutes Petitioner's contention that trial counsel "presented absolutely no defense because he mistakenly believed" that "disability equaled lack of ability to consent." ECF No. 23 at 6.

For all of the foregoing reasons, I agree with the Magistrate Judge's determination that the state court's rejection of Petitioner's ineffective assistance claim did not involve an unreasonable application of the *Strickland* standard. Petitioner is not entitled to habeas relief on Ground Two or on any of his other claims.

Accordingly, **IT IS ORDERED**:

The report and recommendation, ECF No. 18, is **accepted and adopted**, over Petitioner's objections, as this Court's opinion with the additional remarks above. The Clerk shall enter judgment stating, "The amended petition for writ of habeas corpus, ECF No. 3, challenging the judgment of conviction and sentence in *State of Florida v. Francis X. Decambra*, Leon County Circuit Court Case No. 2009-CF-831, is **DENIED**. A Certificate of Appealability is **DENIED**." The Clerk shall close

the file.

**SO ORDERED on August 18, 2021.**

**s/Mark E. Walker**

**Chief United States District Judge**